[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this case, the apportionment defendant, Black Hall Club, has moved to strike the first count of the apportionment complaint dated March 25, 1999 filed by the defendant, apportionment plaintiff, Andrew East. Black Hall claims that the underlying action of Blumenkopf against East is a contract action for the construction of a home. It alleges that a breach of contract action is not a negligence action and only negligent actions permit apportionment under Connecticut General Statutes § 52-1 02. And only if the underlying action is a negligence action subject to Section 52-572h of the Connecticut General Statutes.
Since the complaint fails to set forth a negligence claim against East, an apportionment of negligence between East and Black Hall is impermissible according to Black Hall.
However, the court finds that although the case against East is labeled a breach of contract action by the "headings" of the count, the actual allegations are those of negligence. In such a case, the court finds that since negligence was actually alleged, the defendant may move under the statutes for an apportionment of the negligence.
The court finds the case of [Conco Medical Comoanv v. Zimmerand Zimmer, Superior Court, Bridgeport, Docket No. 332956 (February 6, 1997, Thim, J.) 1997 Ct. Sup. 1883 directly on point. In that case, the court held that an accounting firm failed to provide suitable accounting services and failed to meet the requisite standard of care.
 "While the defendants' duty to follow the standard of care is based on a contractual relationship, the gravamen of the claim is negligence. The mere characterization of the first CT Page 7028 count as a contract claim is, not a basis for striking defendants' apportionment complaint." [Conco, at 1 884.
Accordingly, the motion to strike the first count of the apportionment complaint is granted.
D. Micheal Hurley, Judge Trial Referee